**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Nancy Perez and Marco Reynoso  on behalf of
themselves and all other similarly situated
persons, known and unknown, Plaintiffs
v.
Cermack Hospitality, Inc., dba Lobo Del Mar,
Eduardo Rodriguez, individually, Defendants

## COMPLAINT

NOW COMES Nancy Perez and Marco Reynoso, on behalf of themselves and all other similarly situated persons, known and unknown ("Plaintiffs"), through counsel, and for their Complaint against Cermack Hospitality, Inc., dba Lobo Del Mar ("Lobo Del Mar") and Eduardo Rodriguez, individually, ("Defendants"), state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees minimum wages and overtime wages for hours worked in excess of forty (40) hours in a week.

2. One exception to the FLSA's minimum wage provisions, and, by extension the IMWL, is that an employer may compensate tipped employees at a sub-minimum wage, or "tip credit" rate of pay.  However, in order for an employer to qualify for this exception, an employer must abide by the requisite provisions of 29 U.S.C. § 203(m).

3. 29 U.S.C. § 203(m) provides that an employer may take a tip credit against the wages of tipped employees *only if* the employer:

   A.  pays tipped employees the required minimum cash wage;

   B.  informs tipped employees of the provisions of Section 203(m);

   C.  allows tipped employees to retain all of their tips (except for permissible tip pooling); and

   D.  ensures that tipped employees' cash wage, plus any tips earned, equal at least the required minimum wage.

4.  Defendants violated 29 U.S.C. § 203(m) by failing to inform Plaintiff Nancy Perez and other tipped employees of the provisions of 29 U.S.C. § 203(m) and by requiring tipped employees to forfeit a portion of their tips for Defendants' benefit.

5.  The tip credit requirements of the IMWL are analyzed in lockstep with the tip credit provisions of the FLSA. 56 Ill. Admin. Code § 200.100.

6.  Defendants' unlawful compensation practices have denied Plaintiffs and other similarly situated persons their earned and living wages.

## JURISDICTION AND VENUE

7.  Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b).

8.  Supplemental jurisdiction over Plaintiffs' Illinois statutory claims is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.  This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Defendants

10. Defendants operate a restaurant located at 5503 W. Cermak Rd., Cicero, Illinois which does business as Lobo Del Mar.

11. Defendant Lobo Del Mar is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Upon information and belief, Lobo Del Mar has annual gross sales of $500,000.00 or more.

13. Defendant Lobo Del Mar was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

14. Defendant Eduardo Rodriguez is the President of Lobo Del Mar and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

15. Defendant Eduardo Rodriguez was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

16. Upon information and belief, Defendant Eduardo Rodriguez resides and is domiciled in this judicial district.

17. Upon information and belief, Defendants have failed to keep proper records tracking Plaintiffs' time worked and wages paid.

### Plaintiffs

18. Plaintiffs' FLSA collective action consent forms are attached as Exhibit A.

19. Plaintiffs were employed by Defendants in Cook County which is in this judicial district.

20. Within the relevant employment period, Plaintiff Nancy Perez worked as a waitress at Lobo Del Mar.

21. Plaintiff Nancy Perez was a "tipped employee," as defined by 29 U.S.C. § 203(t).

22. Plaintiff Nancy Perez's earned tips were improperly taken by Defendants for the purpose of paying the base hourly wages of Defendants' busboys.

23. Defendants failed to notify Plaintiff Nancy Perez and other tipped employees of the contents of 29 U.S.C. § 203(m).

24. Defendants required Nancy Perez and other tipped employees to perform a variety of non-tipped duties, including vacuuming, deep cleaning, and cleaning bathrooms, while being paid a sub-minimum wage, or tip-credit, hourly rate of pay.

25. Within the relevant employment period, Plaintiff Marco Reynoso worked as a cook at Lobo Del Mar.

26. Plaintiff Marco Reynoso worked over forty (40) hours or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of forty (40) hours.

27. Defendants paid Marco Reynoso his straight-time, hourly rate of pay of $14.00 per hour for all hours worked, including all hours within that pay period where he worked in excess of forty (40) hours within an individual work week.

28. Despite the fact that Defendants were aware that Plaintiff Marco Reynoso and other similarly situated employees were working in excess of forty (40) hours per week, Defendants failed and refused to pay Plaintiff Marco Reynoso and other similarly situated employees overtime wages at a rate of one and one-half times their hourly rate of pay.

29. Plaintiffs and other similarly-situated employees of Defendants handled goods that moved in interstate commerce.

30. During the course of employment, Plaintiffs were involved in interstate commerce and were each an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

31. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

32. Neither Plaintiffs nor the similarly situated employees were exempt from the overtime provisions of the FLSA or the IMWL.

### COUNT I - FLSA VIOLATION- OVERTIME WAGES
### (Marco Reynoso, on behalf of himself and all others similarly situated)

33. All allegations contained in all preceding paragraphs of this Complaint are re-incorporated by this reference as if fully set forth herein.

34. Plaintiff Marco Reynoso and similarly situated employees were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

35. Defendants did not compensate Plaintiff Marco Reynoso or similarly situated employees at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

37. Plaintiff Marco Reynoso and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff Marco Reynoso and similarly situated employees respectfully request that the Court:

A. determine that this action may proceed as a collective action pursuant to the FLSA.

B. declare Defendants to be in violation of the FLSA;

C. enter a judgment against Defendants for all unpaid overtime wages for all time worked by Plaintiff Marco Reynoso and other similarly situated employees in excess of forty (40) hours in individual work weeks;

D. award liquidated damages in an amount equal to the amount of unpaid overtime wages;

E. enjoin Defendants from violating the FLSA;

F. award reasonable attorneys' fees and costs; and

G. grant any other relief as the Court deems just.

**COUNT II - VIOLATION OF THE FLSA – MINIMUM WAGES**
**(Nancy Perez, on behalf of herself and all others similarly situated)**

38. All allegations contained in all preceding paragraphs of this Complaint are re-incorporated by this reference as if fully set forth herein.

39. Defendants failed to notify Plaintiff Nancy Perez and the similarly situated employees of the tip credit provisions of 29 U.S.C. § 203(m).

40. Defendants did not permit Plaintiff Nancy Perez and the similarly situated employees to keep all of their earned tips.

41. Defendants required Plaintiff Nancy Perez and the similarly situated employees to turn over a portion of their tips to pay busboys a portion of their base wages for Defendants benefit.

42. Defendants violated the FLSA by failing to comply with the requirements of Section 203(m) of the FLSA.

43. Defendants' FLSA violation, particularly Section 203(m), was willful.

44. Plaintiff Nancy Perez and other similarly situated employees are entitled to recover their unpaid minimum wages for a period of up to three (3) years prior to the filing of this lawsuit due to Defendants' willful FLSA violation.

WHEREFORE, Plaintiff Nancy Perez and similarly situated employees respectfully request that the Court:

A.  determine that this action may be maintained as a collective action pursuant to the FLSA;

B.  enter a judgment in the amount of unpaid minimum wages for all time worked by Plaintiffs and similarly-situated employees;

C.  award liquidated damages in an amount equal to the amount of unpaid minimum wages;

D.  declare Defendants to be in violation of the FLSA;

E.  enjoin Defendants from violating the FLSA;

F.  award reasonable attorneys' fees and costs; and

G.  grant any other relief as the Court deems just.

### COUNT III - IMWL VIOLATION OF THE IMWL
### Plaintiff Marco Reynoso, individually

45. All allegations contained in all preceding paragraphs of this Complaint are re-incorporated by this reference as if fully set forth herein.

46. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff Marco Reynoso's overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendants directed Plaintiff Marco Reynoso to work, and he did work in excess of forty (40) hours in individual work weeks.

48. Plaintiff Marco Reynoso was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants did not pay Plaintiff Marco Reynoso, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

50. Defendants violated the IMWL by failing to pay Plaintiff Marco Reynoso overtime wages for all hours worked in individual work weeks.

51. Pursuant to 820 ILCS 105/12(a), Plaintiff Marco Reynoso is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff Marco Reynoso respectfully requests that the Court:

A. enter a judgment in the amount of overtime wages due to Plaintiff provided by the IMWL;

B. award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. declare that Defendants have violated the IMWL;

D. enjoin Defendants from violating the IMWL;

E. award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. grant any other relief as the Court deems just.

## COUNT IV – IMWL VIOLATION

### (Plaintiff Nancy Perez, individually)

52. All allegations contained in all preceding paragraphs of this Complaint are re-incorporated by this reference as if fully set forth herein.

53. This Count arises from Defendants' violation of the IMWL for Defendants' violations of the tip credit provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(c).

54. Defendants failed to notify Plaintiff Nancy Perez of the tip credit provisions of 29 U.S.C. § 203(m).

55. Defendants violated the IMWL by failing to notify Plaintiffs of the requirements of the tip-credit subsection.

56. Defendants did not permit Plaintiff Nancy Perez to keep all earned tips. Instead, Defendants required Plaintiff Nancy Perez and other similarly-situated employees to turn over a portion of their earned tips to pay the base wages of other employees working as busboys for Defendants.

57. Defendants violated the IWML by converting Plaintiff Nancy Perez's tips for their own benefit.

58. Defendants violated the IWML by failing to permit Plaintiff Nancy Perez to retain all of her earned tips.

59. Plaintiff Nancy Perez is entitled to recover unpaid wages for three (3) years before the filing of this suit pursuant to 820 ILCS 105/12(a).

WHEREFORE, Plaintiff Nancy Perez respectfully requests that the Court:

A. declare that Defendants have violated the IMWL;

B. enter a judgment against Defendants for all minimum wages due to Plaintiff Nancy Perez as provided by the IMWL;

C. award statutory damages for Plaintiff Nancy Perez pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. enjoin Defendants from further violating the IMWL;

E. award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. grant any other relief as the Court deems just.

**s/ Valentin T. Narvaez**
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646

Direct: 312-878-1302
vnarvaez@yourclg.com